**O**

# United States District Court
# Central District of California

FARHAD MOUSAVIPOUR,

        Plaintiff,

   v.

SELECT PORTFOLIO SERVICING, INC. et al.,

        Defendants.

Case № 2:25-cv-10798-ODW (BFMx)

**ORDER GRANTING MOTION TO DISMISS [4]**

## I.    INTRODUCTION

Plaintiff Farhad Mousavipour brings this action against Defendant Select Portfolio Servicing, Inc. ("SPS"), alleging breach of contract and statutory violations. (Notice Removal Ex. A ("Compl."), Dkt. No. 1-1.)  Mousavipour asserts that SPS refuses to honor the terms of a loan modification agreement ("LMA") that fully amortized the balance of the loan, and instead SPS demands an inflated payoff amount to refinance the loan.  (*Id.* ¶¶ 20, 23, 32, 47.)  SPS moves to dismiss, arguing Mousavipour's claims are time-barred and fail to state a claim upon which he can recover.  (Mot. Dismiss ("Motion" or "Mot.") 7–8, Dkt. No. 4.)  For the reasons below, the Court **GRANTS** SPS's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

In February 2005, Mousavipour entered into a loan agreement ("Loan") with a lender, secured by real property in Malibu, California ("Property"), and evidenced by a Promissory Note ("Note").[3]  (Compl. ¶ 5; Mot. Ex. A ("Note"), Dkt. No. 4.)  The terms of the Loan included repayment of principal with interest on monthly payments and a balloon payment on March 1, 2035, at maturity.  (Compl. ¶ 5.)  SPS subsequently acquired the lender's rights under the Note.  (Compl. ¶ 7.)

In August 2012, facing default, Mousavipour agreed with SPS to "modify the terms of the Loan" pursuant to the LMA.  (*Id.* ¶ 9, Ex. 1 ("Loan Modification Agreement" or "LMA") ¶ 1.a., Dkt. No. 1-1.)  The LMA added all past due amounts into the "new principal balance of the Note." (LMA ¶ 2.b.)  It also created a modified monthly payment schedule for 271 payments at a reduced interest rate, from 5.876% to 3.500%, and monthly payment amount, from $5,217.36 to $3,573.02.  (*Compare* Note ¶¶ 2, 3(B), *with* LMA ¶ 2.c.)  The modified payment schedule "supersede[d] any [contrary] provisions" of the Note, (Compl. ¶ 14; LMA ¶ 2.c.), and all other terms of the Note "remain[ed] in full force and effect," unless "expressly modified," (LMA ¶ 3.c.).

From 2012 to 2020, Mousavipour requested payoff terms to refinance the Loan on multiple occasions, but SPS provided improper inflated payoff amounts.  (Compl. ¶¶ 20, 23.)  In particular, in October 2019, Mousavipour requested payoff terms from SPS, and SPS "made an exorbitant demand incongruent with the terms of the" LMA. (*Id.* ¶ 23.)  The inflated demand prevented Mousavipour from refinancing the Property or using the equity to pay off other debts.  (*Id.*)  Later, in "2024–2025," he sought to refinance the Loan "but was again incorrectly advised by [SPS] that a balloon

---

[2] All factual references derive from Mousavipour's complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] The Court incorporates by reference the Note, which the LMA amended.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (permitting incorporation by reference where neither party disputes the document's authenticity and the document forms the basis of the plaintiff's claim).

payment remained due" and "the amount outstanding exceeded what [Mousavipour] believed was contractually owed." (*Id.* ¶ 28.)[4]

As a result of the above, on October 1, 2025, Mousavipour initiated this action against SPS, alleging that the LMA "fully amortized" the Loan and SPS refuses to honor the terms of the LMA by demanding an inflated balloon payment payoff. (*Id.* ¶¶ 30, 32, 44–45.)   Mousavipour asserts causes of action for breach of the LMA, violations of the Truth in Lending Act ("TILA") and "California's Borrower Statutes," and declaratory relief. (*Id.* ¶¶ 29–53.)  SPS now moves to dismiss all claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot.)

### III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation modified).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept

---

[4] On January 7, 2025, Mousavipour's Malibu Property burned in the Palisades Fire.  (Compl. ¶ 24.)

conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.    DISCUSSION

SPS argues all claims fail because they are time-barred and inadequately pleaded. (Mot. 7–8.) The Court agrees that Mousavipour's claims are time-barred and thus does not reach SPS's other arguments.

"To dismiss a complaint on statute of limitations grounds, it must appear 'beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Rand v. Midland Nat'l Life Ins.*, 857 F. App'x 343, 347 (9th Cir. 2021) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)).

### A.    Breach of Contract & Declaratory Relief

In California, the statute of limitations for a breach of contract cause of action is four years. Cal. Civ. Proc. Code § 337. "A cause of action for breach of contract accrues at the time of the breach," and the statute begins to run "regardless of whether any damage is apparent or whether the injured party is aware" of their right to sue. *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006) (citing *Niles v. Louis H. Rapoport & Sons*, 53 Cal. App. 2d 644, 651 (1942)). The statute of limitations for declaratory relief claims "depends on the right or obligation

4

sought to be enforced"; for instance, a complaint for liability "founded upon an instrument in writing" is governed by the contract law four-year statute of limitations. *Ginsberg v. Gamson*, 205 Cal. App. 4th 873, 883 (2012) (citation modified).

Mousavipour alleges SPS breached the LMA by failing to honor the "fully amortized" payment schedule and demanding an inflated balloon payoff, and this harmed him because he was unable to refinance the Property. (Compl. ¶¶ 31–33.) Thus, under Mousavipour's theory of liability, the claim accrued when SPS breached, i.e., when it demanded an inflated payoff amount inconsistent with the LMA. *Perez-Encinas*, 468 F. Supp. 3d at 1134. Mousavipour alleges SPS did this numerous times "in the years to come," (Compl. ¶ 20), but specifically in October 2019, when it "made an exorbitant demand incongruent with the terms of the [LMA,] which prevented refinancing of the Property," (*id.* ¶ 23). Thus, SPS allegedly breached, and the cause of action accrued, in October 2019.

Confronted with his own clear allegation, Mousavipour argues the cause of action did not fully accrue until "2024–2025," when he "was actually trying to refinance the Loan, and was prevented from doing so by the inclusion of a balloon payment by defendant." (Opp'n 6, Dkt. No. 10.) However, these same events also occurred in October 2019. (Compl. ¶ 23.) In 2024–2025, SPS "*again* incorrectly advised" him that the amount outstanding was more than Mousavipour believed it should be. (*Id.* ¶ 28 (emphasis added).) Thus, Mousavipour's allegations plainly state that the alleged breach occurred before "2024–2025," and at least by October 2019. (Compl. ¶¶ 23, 28.)

As the breach of contract claim accrued no later than October 2019, Mousavipour must have filed this action within four years of that time, or by October 2023. Yet, he did not file until October 2025. As he filed suit two years too late, the breach of contract claim is time-barred unless an exception to the limitations period applies. Mousavipour acknowledges that the "same principle applies" to the declaratory relief claim, (Opp'n 7), and it is similarly time-barred absent an exception,

*Ginsberg*, 205 Cal. App. 4th at 883. Mousavipour contends that his claims are saved by the discovery rule and continuing violations doctrine. (Opp'n 8–9.)

### 1. Discovery Rule

"Under the 'discovery rule' recognized by California courts, a cause of action accrues when the plaintiff discovers or could have discovered, through the exercise of reasonable diligence, all of the facts essential to his cause of action." *Perez-Encinas*, 468 F. Supp. 2d at 1134 (citing *April Enters. v. KTTV*, 147 Cal. App. 3d 805, 826 (1983)). "[T]o rely on the discovery rule," a plaintiff "must specifically plead facts to show . . . the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).

Mousavipour alleges that, in October 2019, SPS demanded an inflated payoff amount inconsistent with the LMA payment schedule and this prevented him from refinancing. (Compl. ¶ 23.) These are the facts that give rise to each cause of action. (*See id.* ¶¶ 29–36 (alleging SPS breached the LMA by demanding an inflated balloon payoff that prevented him from refinancing), 37–40 (seeking Court declaration determining whether, as Mousavipour claims, the LMA payment schedule fully amortized the Loan), 41–53 (alleging SPS violated TILA and California statutes by failing to disclose balloon payoff).) Thus, even applying the discovery rule, Mousavipour discovered "all the facts essential to his cause[s] of action" in October 2019. *Perez-Encinas*, 468 F. Supp. 2d at 1134. The delayed discovery rule does not save his claims.

### 2. Continuing Violations Doctrine

Next, the "continuing violations doctrine extends the accrual of a claim if a continuing system of discrimination violates an individual's rights up to a point in time that falls within the applicable limitations period." *Douglas v. Cal. Dep't Youth Auth.*, 271 F.3d 812, 822 (9th Cir. 2001) (citation modified). Cases applying the continuing violations doctrine generally concern discrimination or harassment, where "some or all of the component acts might not be individually actionable," and it is

only the series of acts collectively that give rise to a claim. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1058 (2005).

Assuming without finding that the continuing violations doctrine could even apply to Mousavipour's claims, he does not allege a series of acts only actionable in the aggregate. Rather, he complains of a single discrete act, SPS's demand for an inflated balloon payoff that prevented him from refinancing. (Compl. ¶¶ 32, 45.) According to the complaint, this occurred in 2019, when SPS demanded the inflated balloon payoff. (*Id.* ¶ 23.) That SPS reiterated this demand in 2024–2025 does not constitute a separate breach. Thus, the continuing violations doctrine also does not save Mousavipour's claims.

As Mousavipour's breach of contract and declaratory relief causes of action are time-barred, the Court **GRANTS** SPS's Motion as to these claims. No amendment consistent with the complaint could plausibly cure this defect, so dismissal is **WITHOUT LEAVE TO AMEND**. *Schreiber Distrib. Co.*, 806 F.2d at 1401.

## B.    TILA[5]

TILA "requires creditors . . . to provide borrowers with clear and accurate disclosures of [the] terms [of their loan, including] . . . finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank,* 523 U.S. 410*,* 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638). The statute of limitations for a TILA damages claim is one year; for a TILA rescission claim, it is three years. 15 U.S.C. §§ 1635(f) (rescission), 1640(e) (damages). The TILA limitations period generally runs from the date the parties consummate the loan agreement. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

---

[5] The Court assumes without finding, solely for the purposes of this statute of limitations argument, that TILA's disclosure requirements could apply to transactions like the LMA. (*See* Mot. 11–12; Opp'n 7–8.) However, courts have repeatedly and definitively foreclosed the argument that TILA disclosures are required for loan modifications. *See Beck v. Wells Fargo Bank, Nat. Ass'n*, No. 5:11-cv-00663-EJD, 2011 WL 6217345, at *3 (N.D. Cal. Dec. 14, 2011) ("Loan modifications . . . do not trigger new TILA obligations."); *Carter v. Bank of Am. NA*, No. 5:15-cv-01474-MWF (DTBx), 2015 WL 12732427, at *4 (C.D. Cal. Oct. 22, 2015) (collecting cases) (same).

A suit for TILA rescission may be brought after the three-year limitations period only where the plaintiff provided written notice to the lender within the three-year period. *See Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 262 (2015); 15 U.S.C. § 1635(a), (f); 12 C.F.R. § 226.23. In such a case, TILA borrows the most analogous state law limitations period, which, in California, is the four-year contract statute of limitations. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1101–02 (9th Cir. 2018) (finding state contract law limitations period most analogous to TILA rescission claim). Where a plaintiff provided written notice of rescission, the four-year limitations period begins after the lender receives the plaintiff's notice of rescission. 15 U.S.C. § 1635(b); *Hoang*, 10 F.3d at 1102.

Starting with Mousavipour's TILA damages claim, he alleges he entered into the LMA with SPS on August 14, 2012. (Compl. ¶ 44.) Thus, he must have filed this action for TILA damages within one year of that date, or by August 14, 2013. As noted, he did not file until October 2025, thirteen years too late.

Mousavipour argues he also asserts a TILA rescission claim. (Opp'n 8; Compl., Prayer, Third Cause of Action ¶ 4.) However, he does not allege he provided SPS written notice of rescission within the three-year statutory period. (*See generally* Compl.) This failure bars his claim for rescission, as this "time span for seeking rescission is absolute." *Carter*, 2015 WL 12732427, at *4 (citing *Beach*, 523 U.S. at 442). Even assuming he provided SPS timely notice on the last day of the three-year period, SPS would have received that notice no later than August 2015. Thus, Mousavipour must have filed this action for TILA rescission within four years of that date, or by August 2019. His October 2025 complaint therefore comes too late.

Consequently, the causes of action for TILA damages and rescission are time-barred. To the extent tolling doctrines apply, for the same reasons stated above, neither the discovery rule nor the continuing violations doctrine saves Mousavipour's TILA claim. Accordingly, the Court **GRANTS** SPS's Motion as to this claim, **WITHOUT LEAVE TO AMEND**. *Schreiber Distrib. Co.*, 806 F.2d at 1401.

## C.    California's Borrower Statutes

Finally, Mousavipour alleges SPS violated "California's Borrower Statutes," citing Civil Code sections 2954.9 and 2954.10, Business and Professions Code section 10242.6, and Financial Code sections 4970 through 4989.[6]    (Compl. ¶¶ 43, 51–52.)    SPS argues these claims are subject to a three-year statute of limitations, because they assert an "action upon a liability created by statute." (Mot. 11 (quoting Cal. Civ. Proc. Code § 338(a)).)

Mousavipour's only response to this argument appears in a section heading, where he writes: "The TILA and California's Borrower Protection Cause of Action alleges a Breach Within 1 Year of the Violation."  (Opp'n 7.)  However, he does not further address the California statutes' limitations, nor does he explain how a "Breach Within 1 Year of the Violation" would make his October 2025 claims timely.  (*See generally id.*)  Thus, the Court disregards the section heading and declines to develop Mousavipour's argument for him.  *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing . . . are generally deemed waived."); *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.8 (9th Cir. 2014) (declining to address undeveloped argument "not supported by citations to the record, argument, or any legal authority").

As Mousavipour fails to oppose SPS's argument, he concedes the issue, and the Court finds the "California's Borrower Statutes" cause of action time-barred.  *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (deeming failure to oppose an argument as abandoning the issue); *Virgin Scent, Inc. v. BT Supplies W., Inc.*, 615 F. Supp. 3d 1118, 1136 (C.D. Cal. 2022) (same).  Accordingly, the Court **GRANTS** SPS's Motion as to this claim, **WITHOUT LEAVE TO AMEND**. *Schreiber Distrib. Co.*, 806 F.2d at 1401.

---

[6] These statutes all concern prepayment penalties. *See* Cal. Civ. Code §§ 2954.9, 2954.10; Cal. Bus. & Prof Code § 10242.6; Cal. Fin. Code §§ 4970–89.  Solely for the purposes of this statute of limitations argument, the Court assumes, but does not find, that Mousavipour's allegations could be plausibly read in the alternative as demanding a prepayment penalty.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss Mousavipour's Complaint **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**.  The Court will issue Judgment.

**IT IS SO ORDERED.**

June 8, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**